OHIO REAL ESTATE COMMISSION, APPELLEE, *v.* COHEN, SR., D. B. A. COHEN REALTY COMPANY, APPELLANT.

Common Pleas Court, Muskingum County.

No. 42679. Decided October 25, 1962.

*Mr. Mark McElroy*, attorney general, and *Mr. William Boyko*, assistant attorney general, for appellee.

*Mr. Jerold Zwelling*, for appellant.

CROSSLAND, J. The above entitled case, on appeal from the hearing and determination of the Appellee herein, Ohio Real Estate Commission, which has also been otherwise denominated as ''In the Matter of the Complaint of Miss Frank Brown and Miss Besse L. Brown Against Mr. Clinton Cohen, Sr., dba Cohen Realty Company,'' was first presented to this Court earlier on an application of the Appellant for suspension of an order of revocation of Appellant's license as a real estate broker upon and after a notice of appeal to this Court from the prior action of the Appellee in revoking said license.

Said notice of appeal was filed April 27, 1962, from said order of revocation made by Appellee April 24, 1962, to become effective May 1, 1962, although time for appeal therefrom would not elapse until on or about May 9, 1962. Thereafter, Appellee was notified of an opportunity to appear May 2, 1962, to show cause why the temporary order of suspension, which was grant-

ed April 27, 1962, should not continue until disposition of the within appeal. At that time it was agreed between parties by their respective counsel that the order to suspend revocation of Appellant's license should continue for the full period provided by law, upon Appellant furnishing bond in the amount of Three Hundred Dollars ($300.00), which he did.

Thereafter, the case was assigned for consideration of the appeal merits and heard October 10, 1962, and submitted to the Court upon the merits, which included the transcript of testimony and other evidence received by the Appellee in its hearing and the questions of requests by Appellant for the consideration by the Court of additional evidence, which was received at that time subject to later ruling as to its admissibility, with which latter phase this Court will first proceed in its consideration of the appeal.

The administrative procedure outlined and contained in Section 119.12, Revised Code, provides in this respect that the Court in the hearing of the appeal is confined to the record as certified to it by the agency excepting that in such an appeal as this

"the Court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency."

The additional evidence offered by the Appellant was primarily the testimony of an expert on handwriting regarding the conflict of evidence before the agency as to whether or not a purported receipt of Besse L. Brown dated October 5, 1961, for Six Hundred Dollars ($600.00) from Appellant, being Cohen Realty receipt No. 00663, and marked as Respondent's Exhibit A, was or was not the genuine signature of the said Besse L. Brown. Additionally offered was Appellant's receipt book containing the unsigned carbon copy of said Exhibit A and, thirdly, the entry record of the said Besse L. Brown and her sister, Miss Frank Brown, of the First National Bank of Zanesville, Ohio, to their safety box 797, a photostatic copy of which was received by stipulation in substitution of the original record.

Considering the foregoing in the above order, it was manifestly impossible to have provided expert testimony, previously prepared, at the hearing conducted by the Commission, inas-

much as it was not until that hearing that the admittedly genuine specimens of the Besse L. Brown signatures were obtained from and furnished by her. Without such testimony, for whatever value it is deemed to have, the three members of the Commission at the time and the Court at this time would be relegated to their and its opinion by signature comparisons and the testimony of Besse L. Brown alleging that her purported signature on said Exhibit A was not genuine. This Court is inclined to believe that the testimony of the expert, one Joseph Tholl, whose competence and integrity are unquestioned, should be exceedingly helpful and at least should be known and considered and which the Commission itself would very likely have been interested in hearing had it had the opportunity at the time of its hearing. While it is true that the situation giving rise to the occasion of such additional evidence came into existence in the course of the Commission's hearing, because of the foregoing circumstances, which could not with reasonable diligence have been ascertained prior to such hearing and, in and of itself, is essentially newly discovered, in that it could have become known only as a result of and subsequent to the hearing before the Commission and the evidence adduced thereat.

Appellant's receipt book was a part of Appellant's record, which Appellant had been ordered to produce before the Commission, which he allegedly failed to locate at the time but discovered afterward, so that its production before the Court was nothing more than delayed compliance with a previous order and a part of what, because before lacking, the Commission considered and found that there had been failure on the part of the Appellant to keep written records of the transaction for the period of time required by law. It would therefore seem that Appellant having later discovered his receipt book containing the particular carbon of the disputed receipt, which the Commission itself had desired and which he had previously failed to locate, was a matter of record which should be a part of the case because of that fact and also eligible to be such in view of Appellant's contention that he had been unable previously with reasonable diligence to locate it in time for hearing before the Commission.

The bank entry record, while it would have been germane relative to the genuine signature of Besse L. Brown at the time

of the hearing before the Commission, and which still exemplifies her unquestionably genuine signature, was however offered as additional newly discovered evidence which Appellant could not with reasonable diligence have ascertained as pertinent to the contradictory evidence at the Commission's hearing, until it developed at that time that it was a distinct issue between the Appellants and the Complainants, as to whether the date of their meeting with each other for money settlements was on the fifth or the sixth day of October, 1961. In this respect said entry record, which was marked Respondent's Exhibit H, does show that Besse L. Brown had obtained access to her deposit box in the First National Bank at 11:49 (presumably a. m.), October 5, 1961, as well as at 11:50, October 6, 1961. Insofar as preparation on the part of Miss Brown with the availability of the money of hers and her sister from their safety deposit box for the purpose of the closing of their sale of the one property and their purchase of the other, the two closings, which consumed a period of about an hour and a quarter on the morning of October 6, 1961, it would appear rather clearly that for whatever purpose access was made to their safety box ten minutes before noon on October 6th, would have followed rather than preceded such closing, and that for the purpose of previous arrangements financially, the visit on October 5th would have been necessary and therefore significant, in accordance with Appellant's contention.

Recapitulating briefly with respect to each and all of these three matters of additional evidence, the Court believes that it should grant the request of the Appellant for their admission, in that it is satisfied under all the circumstances of the Commission hearing, the evidence thereof and the controversy and contradictions therein and thereby occurring, that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained previous to the hearing, within essential contemplation of that specific provision of law and the purpose that it has to further effectuate the ends of justice in this particular case.

Accordingly, objections are overruled, the evidence is deemed before the Court and exceptions thereto are noted in each such instance in behalf of the Appellee.

Going back to a consideration of the case itself as it ap-

peared before the Commission and as it was considered and by it decided, we find the following proceedings. The complaint of the two Misses Brown charged that the Appellant Clinton Cohen had violated Section 4735.18, Revised Code, in the following respects.

(A) By knowingly misrepresenting to the affiant that he had not received a commission at the closing when in fact he had received a commission at the closing;

(J) By demanding said commission from affiant when in fact he knew he was not entitled to said commission as same had already been received;

(X) By failing to keep a complete and accurate record of transactions in that no credit was shown to affiant for the $690.00 given him by affiant;

(Y) By failure to furnish the affiant with a receipt for said $690.00; and

(F) By dishonestly determining to the affiant the amount of commission paid.

The conclusion of the Commission, subsequent to its hearing, was restricted to findings under the first, third and fifth of the foregoing specific complaints and in language as follows:

(A) Knowingly making any misrepresentation;

(X) Having failed to keep complete and accurate records of all transactions for a period of three years from the date of the transaction, such records to include copies of listing forms, earnest money receipts, offers to purchase and acceptance thereof, and records of receipts and disbursements of all funds received by him as broker and incident to his transactions as such, and any other instruments or papers related to the performance of any of the acts set forth in the definition of a real estate broker;

(F) Any other conduct which constitutes dishonest dealing or any conduct which constitutes dishonest dealing or any gross negligence, incompetency, or misconduct in his practice as a licensed real estate broker or salesman.

The only other language of the three members of the Commission in their unanimous revocation of Appellant's real estate broker's license is as follows:

"Upon due consideration to the testimony and evidence presented in the hearing for the complaint of *Ohio Real Estate*

*Commission* v. *Clinton Cohen, Sr.,* Case number 251, it is the finding of the Commission that the respondent broker is guilty of violation of Section 4735.18, Revised Code, Subparagraphs,'' after which follows the above quoted language with reference to alleged violation of Subparagraphs A, X and F.

Turning to Section 4735.18, Revised Code, and examining Sub-paragraphs A, X and F, it is found that the language of the order of the Commission is simply a verbatim statement of such sub-paragraphs in said section and that the finding of the Commission insofar as it making a finding is concerned is confined solely and entirely to the statement by it

''that the respondent broker is guilty of violation of said section, Sub-pragraphs A, X and F''.

There is no substantive finding whatever by the Commission but merely its conclusion that it found certain particulars of the law to have been violated by the Appellant without relating anything at all of its own explicit finding.

Such a decision is unusual and is so vague and general that it affords and provides no precise premise or basis whatever from which to reason in seeking to apply the provision of law governing the determination and action of the Commission. However, in view of the specific charges made against the Appellant at the outset with relation to each of the three foregoing sub-paragraphs of Section 4735.18, Revised Code, it would seem logical to consider that the Commission was purporting to act with respect to particular matters that gave rise to the hearing before it in the complaint that occasioned such Commission hearing, inasmuch as there was nothing else of which the Appellant stood accused before the Commission. Accordingly, looking to ''A'' of the complaint of February 18, 1962, we find in effect that presumably what the Commission found in deciding against the Appellant and ordering the revocation of his broker's license was

(A) That he knowingly misrepresented to Miss Frank L. Brown, the owner of the listed premises, and to Miss Besse L. Brown, with whom he transacted all the business at the time subsequent to the listing, that he had not received the commission at the closing of the sale of their property, whereas, in fact, he had received the commission at such time;

(X) That he failed to keep a complete and accurate record

of transactions in the particular respect that no credit was shown to them, or either of them, for the $690.00 which was given him upon his request for that sum of money;

(F) that he acted dishonestly in determining the amount of commission actually due him and with respect to the amount of money received by him as a commission for the sale of their property.

Further provision of Section 119.12, Revised Code, regarding the consideration of the appeal from the Commission to the Court, after providing that the hearing shall proceed as in the trial of a civil action and that the court shall determine the rights of the parties in accordance with the laws applicable to such action, at which hearing counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the Court has granted a request for the presentation of additional evidence, it is then provided expressly as follows:

"The Court may affirm the order of the agency complained of in the appeal as it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate or modify the order or make such other ruling as is supported by reliable, probative and substantial evidence and is in accordance with law."

It is therefore incumbent upon the Court, as its statutory duty herein, to determine whether or not the order of the Ohio Real Estate Commission is supported by reliable, probative and substantial evidence, and is in accordance with law. These specific requirements of the statute appear to be in the conjunctive and the question therefore arises as to whether or not there is now in this case upon the evidence before the Court reliable, probative and substantial evidence to support the Commission's order revoking the Appellant's license as a real estate broker. If there is, then such order would seem presumed to be one in accordance with law. On the contrary, if there is not such evidence, that is, reliable, probative and substantial, then presumably such order is not in accordance with law. As the Court understands each of these three terms, they are used in their ordinary, dictionary meaning and in a way that can be understood and applied by a lay commission, as well as by a

court of law, and viewed in the same aspect by both. The terms are obviously not synonymous, but each has a separate and important meaning and requires evidence of that precise character. First, it must be reliable, that is, dependable, with reasonable assurance of its probability, as not only truthful but also true. "Probative" relates to the evidentiary value of the testimony and other evidence in an analytical sense, having depth and being more than merely superficial or speculative. "Substantial" would appear to mean that the evidence has body or substance of sufficient degree to be of some weight, as well as quality, that gives it standing and credence, as well as dependable and testworthy. The consideration of all of this would appear to the undersigned to indicate that an order by an administrative agency is one not lightly arrived at but resulting from strongly supported claims that can be resolved without serious doubt of the correctness, as well as the justice, of the order made.

In this case, while there are many incidental facets and considerable uncertainty, as well as controversy, there is in the Court's mind considerable difficulty in ascertaining precisely what the exact facts were, or the exact order of events, by trying to reconcile the testimony of the various witnesses. In other words, it is necessary to take into account a number of factors, one being that two very elderly ladies owned real estate, which they were selling, and were acquiring real estate, which they were buying, for which latter sale to them the seller was purchasing for himself another property and that these three transactions were all transpiring more or less simultaneously, so that monies and actions have to be ascertained as they applied in separate ways at a given time, admittedly confusing to the undersigned and understandably confusing and not readily ascertainable, even at that time, to the parties themselves, in piecing out the entire picture.

It would seem that the essence of the conclusion arrived at by the Commission is that the Appellant Cohen deliberately and knowingly exacted a duplication of commission from the Miss Browns, and if he did so, certainly the penalty of the order made is in accordance with law and not only within their authority and power to execute but properly necessary in the public interest to be done, as well as for the protection of particular

persons who entrust themselves and their dealings to those who are licensed under law to represent and deal with them. In this particular case the nature of the offense charged, and which the Commission found occurred, is essentially one that, if true, constitutes a felony under Ohio criminal law. Section 2907.21, Revised Code (Larceny by Trick), provides that:

"No person shall obtain possession of, or title to, anything of value with the consent of the person from whom he obtained it, provided he induced such consent by a false or fraudulent representation, pretense, token or writing."

In other words, if the defendant is guilty as charged and found in the proceeding before the Commission in this case, he was also subject to indictment and trial for a reprehensible criminal act. The only difference being that conviction in a criminal case would require a finding by a petit jury of guilt beyond a reasonable doubt, while in the case of the administrative proceeding it is required that the Commission's order be supported by reliable, probative and substantial evidence.

Admittedly, the whole matter essentially is a question of whether or not the Appellant Cohen secured payment twice of his commission for the sale of the Brown property. All the other matters having to do with delayed production of book records or their having been overlooked or not discovered, or the failure of a particular receipt or receipts in certain accommodation respects, as well as formal transaction, and the policy or expedience of a contract price as different from a sale to other than a G. I. buyer and other evident peculiarities that may not be readily understandable or even altogether acceptable, do not gainsay the fact that the essence of the order to revoke the Appellant's license and put him and his firm out of business, is that he was intentionally and deliberately dishonest and profited thereby at the expense to the Miss Browns of twice the commission they actually owed. If this is true, as supported by reliable, probative and substantial evidence, the order should stand. If it is not true, as so supported, the order is not in accordance with law and should be reversed or such other ruling made by the Court as is so supported and is in accordance with law. What predicate or premise is there for the Commission's finding?

The key to this answer is not so simple as merely to know

whether or not the Appellant received payment from Miss Besse L. Brown of Six Hundred Ninety Dollars ($690.00), and the assumption that such payment was paid to him as a duplicated commission. He admits he received such sum and ascribes its solicitation by him as a rectification of a mistake made in his calculations of the amount they owed in providing the total required in the purchase of a replacement home. Whether it was one thing or the other in turn appears to revolve around the question of whether a Six Hundred Dollar ($600.00) down payment received by Cohen from Zwick was actually delivered by the former to Besse L. Brown. That, in turn, appears to have occurred or not as to whether or not he was receipted by her for such payment. As this Court views Respondent's Exhibit A, dated October 5, 1961, purporting to be a receipt by Miss Brown of Six Hundred Dollars ($600.00) from Cohen, it is wholly unreliable and without probative and substantial evidence to conclude, as did the Commission, that the signature "Besse L. Brown" is spurious and not genuine. How the testimony of Miss Brown, that the signature is not hers, in contradiction of the comparisons of her admitted specimens which were submitted to the Commission as Respondent's Exhibit B, and also in comparison with the signature "Besse L. Brown", at the end of the complaint she signed, February 12, 1962, plus what is now before this Court as her signature at the First National Bank, Respondent's Exhibit H, and the probative testimony of the witness Tholl, is susceptible of any possible conclusion or of any reasonably possible difference of opinion other than that the name "Besse L. Brown" on said receipt for Six Hundred Dollars ($600.00) is her own signature for the purpose that it ostensibly served, of acknowledging her receipt from the Appellant in said sum of Six Hundred Dollars ($600.00), October 5, 1961, is beyond this Court's comprehension.

From what had admittedly transpired in the negotiation of the sale of the Brown property to Zwick, of his having available Six Hundred Dollars ($600.00) for an immediate down payment in the contract entered into for his purchase of the Brown property August 10, 1961, it would not only seem logical and reasonable but vitally necessary to his commitment in that regard at that time that he then or about that time have paid to

Mr. Cohen in behalf of the owner, the said sum of Six Hundred Dollars ($600.00). The balance of the down payment, to-wit, Five Hundred Fifty Dollars ($550.00), he was dependent for upon the loan he was to receive and, understandably again, that part of the Eleven Hundred Fifty Dollars ($1150.00) he would not and did not have until in October. It would not only be unreasonable and contrary to any assurance of a binding agreement with Zwick in behalf of Miss Frank Brown, but the poorest kind of business by the Appellant, either in his representation of Miss Brown or for himself and his prospective commission, that he would have willingly or deliberately waited until the sale was to be closed to obtain such Six Hundred Dollar ($600.00) down payment. Therefore, it cannot be urged with any reliability, probativity, or substance, that this vital sum of Six Hundred Dollars ($600.00) was not received from Zwick in August, or that it was not received by Miss Besse L. Brown from Cohen October 5, 1961.

As to whether the Appellant obtained the admitted Six Hundred Ninety Dollars ($690.00) from Miss Besse L. Brown in money which she had brought home from her lock box later in the day, either on October 5th or on October 6th, as was remarked somewhat heretofore in this opinion, her preparation by visit and access to her lock box for the furnishing of monies provided from the box to herself in connection with the dual transaction of sale and purchase, was necessarily referable to her visit of October 5, 1961, since a visit of that and the day following were each very close to the noon hour and both closings occurred at the Mutual Federal Savings and Loan Association considerably earlier on the morning of October 6th. Fundamentally, it is not particularly material as to the precise time that the Appellant secured the sum of Six Hundred Ninety Dollars ($690.00), excepting as to whether he acquired it rightfully or wrongfully. If it was wrongfully, neither date was justified and if it was rightful, he was entitled to it at either date.

Finally, in the consummation and fulfillment of both transactions, the one in which the Brown property sold and the one in which they acquired a new home, all money that changed hands between the various parties were a part of what was necessary to transact the sale and purchase of the two separate properties in which the Browns were involved.

This Court cannot and does not believe that the Ohio Real Estate Commission intended to deprive the Appellant and his sons and their three families of his good name and their livelihoods for the absence of immaterial or inconsequential papers that had no significance or controlling bearing on the issues of personal integrity or dishonesty. Admittedly, the circumstances of the receipt by the appellant of the Six Hundred Ninety Dollar ($690.00) sum, in and of itself, precipitated a question. But the mere presence of the question is not a matter of conclusion or a finding based upon reliable, probative and substantial evidence. It is first necessary to find the correct answer to such question as nearly as is humanly possible from all the pertinent, available and obtainable evidence and then to reason therefrom logically and clearly. The Court's inescapable conclusion is that the Commission's order is its own belief but that it is not related to the evidence before this Court in any such way as furnishes any kind of credibility or substance for its conclusion, the latter being erroneous and contrary to fact and therefore not in accordance with law.

While this Court distinctly and decidedly finds that the Ohio Real Estate Commission is in fatal error in this case, it nevertheless ascribes to it a good intention and an interest and desire to seek to protect those who deal with persons under its jurisdiction, and that those individuals and members of the local Realtor's Association, who assisted in bringing the matter to the attention of the Commission, are entitled to commendation for their willingness, as well as their time and energy, in making an investigation of a complaint and in seeking on their part, as did the Commission on its part, and as does the Court on its part, to ascertain what the evidence that can be assembled would disclose as to the truth or falsity of the charge made and regarding the issue thereby engaged.

The Court, therefore, upon the foregoing considerations, hereby reverses the order heretofore made by the Ohio Real Estate Commission, which revoked the real estate broker's license of the Appellant, and further determines affirmatively that the Appellant is entitled to retain his broker's license by virtue of reliable, probative and substantial evidence in that behalf and directs said Commission accordingly, with costs charged to the Commission.

Entry may be prepared and submitted in accordance with the findings and conclusions of the Court, submitted to opposite counsel for approval and then to the Court for its approval for filing.

Exceptions are noted in behalf of the Appellee, Ohio Real Estate Commission.