CRAYNE, APPELLEE, *v.* OHIO STATE BOARD OF PHARMACY, APPELLANT.

(No. L-87-021 — Decided September 4, 1987.)

*Yvette McGee,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard Shinaberry,* for appellant.

*Per Curiam.* This case is before this court on appeal from a decision and judgment of the Lucas County

Court of Common Pleas which reversed a decision of the Ohio State Board of Pharmacy. The facts giving rise to this appeal are as follows.

While investigating several wholesale drug distributors, the Ohio State Board of Pharmacy, appellant herein, questioned Charles S. Crayne, R. Ph., appellee herein, about pharmaceutical product orders which he had placed with these distributors. When asked about these orders, appellee admitted to having received certain medical products, Demulin and Ortho-Novum birth control pills, in particular, which were marked as "clinic packs." Appellee further informed investigators that he had dispensed a portion of these drugs. Pursuant to this investigation, appellant issued a citation to appellee and proposed to take disciplinary action against appellee's pharmacist license. In the citation, appellant alleged that appellee had sold misbranded drugs.

A hearing was held pursuant to R.C. 119.12 on April 23, 1986, before the entire pharmacy board. On June 9, 1986, the board issued its order finding that appellee had violated R.C. 4729.16(A)(2) and (A)(5). Appellee was fined $8,000 of which $7,500 was suspended. A notice of appeal from the board's order was filed by appellee on June 23, 1986. The Lucas County Court of Common Pleas entered its decision on December 24, 1986, holding that the Ohio State Board of Pharmacy's order was not in accordance with the law inasmuch as the retail sale of "clinic packs" did not violate state law. On January 16, 1987, appellant filed a timely notice of appeal and set forth the following two assignments of error:

"I. The court of common pleas abused its discretion in reversing the order of the Ohio State Board of Pharmacy where said order was supported by substantial, reliable, and probative evidence and was in accordance with law.

"II. The court of common pleas erred in holding that a drug product labeled as a 'clinic pack' was not misbranded pursuant to state law."

The authority of a common pleas court to review an order of the board of pharmacy is found in R.C. 119.12 which states in part as follows:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *"

Therefore it must be determined what is meant by "reliable, probative, and substantial evidence." These terms have been construed in the case of *Ohio Real Estate Comm.* v. *Cohen* (C.P. 1962), 90 Ohio Law Abs. 137, 25 O.O. 2d 165, 187 N.E. 2d 641, wherein the court stated:

"The terms are obviously not synonymous, but each has a separate and important meaning and requires evidence of that precise character. First, it must be reliable, that is, dependable, with reasonable assurance of its probability, as not only truthful but also true. 'Probative' relates to the evidentiary value of the testimony and other evidence in an analytical sense, having depth and being more than merely superficial or speculative. 'Substantial' would appear to mean that the evidence has body or substance of sufficient degree to be of some weight, as well as quality, that gives it standing and credence, as well as dependable and testworthy." *Id.* at 146, 25 O.O. 2d at 169, 187 N.E. 2d at 646.

In reviewing the trial court's application of these terms to the evidence brought before the board, this court must determine whether the lower court abused its discretion in coming to its conclusions. If this court does in fact find the lower court abused its discretion, reversal would be appropriate. However, it must be kept in mind that "[t]he term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Steiner* v. *Custer* (1940), 137 Ohio St. 448; *Conner* v. *Conner* (1959), 170 Ohio St. 85; *Chester Township* v. *Geauga Co. Budget Comm.* (1976), 48 Ohio St. 2d 372." *State* v. *Adams* (1980), 62 Ohio St. 2d 151, at 157-158, 16 O.O. 3d 169, at 173, 404 N.E. 2d 144, at 149. After a careful review of the record this court is not prepared to find the lower court's attitude unreasonable, arbitrary, or unconscionable in finding that the board's findings were not supported by reliable, probative, and substantial evidence. Therefore appellant's first assignment of error is found not well-taken.

In its second assignment of error, appellant contends that a drug product labeled as a "clinic pack" is misbranded pursuant to state law. It is clear, as appellant argues, that the holding or offering for sale of a misbranded drug is prohibited by law. R.C. 3715.52 reads in part:

"The following acts and causing them are prohibited:

"(A) The manufacture, sale, or delivery, holding or offering for sale of any food, drug, device, or cosmetic that is adulterated or *misbranded*[.]" (Emphasis added.)

Appellant contends that appellee is in violation of this code section in that "clinic packs" are misbranded drugs. R.C. 3715.64 states in part:

"(A) A drug or device is mis-branded within the meaning of sections 3715.01 and 3715.52 to 3715.72 of the Revised Code, if:

"(1) Its labeling is *false* or *misleading* in any particular." (Emphasis added.)

In applying this definition to the drugs that are the subject of the case *sub judice,* it must be determined if the labeling of these drugs was either false or misleading. The drugs in this case are labeled "clinic packs." This indicates that the manufacturer intended to have these particular drugs distributed by clinics pursuant to valid prescriptions. In contrast, the appellee had possession of these drugs with the intention of selling and dispensing them in the course of filling valid prescriptions. Appellant argues that the difference between this second type of distribution and that proposed by the label is sufficient to render the product misbranded. Appellant argues that because the drug is not distributed by a clinic it is no longer a "clinic pack" and therefore is false and misleading. The product remains a "clinic pack" regardless of the manner of distribution. Therefore, the product is neither false, nor misleading, and in that respect the product is not misbranded.

Appellant also directs this court's attention to two common pleas court cases from other counties. While both cases are similar, they are distinguishable. In the case of *Ohio Valley Drug Co.* v. *Ohio State Bd. of Pharmacy* (Dec. 19, 1986), Franklin C.P. No. 86-CV-07-4692, unreported, the court determined whether the sale of drugs labeled "Hospital Use Only — Not for Resale" was the sale of misbranded drugs. The case *sub judice* is clearly distinguishable in that the phrase "not for resale" is not present on the package involved herein. The second of these cases, *10-Mile Pharmacy* v. *Ohio State Bd. of Pharmacy* (Jan. 7, 1987), Warren C.P. No. 45756, unreported, is

also distinguishable. While the court in *10-Mile Pharmacy* does mention the sale of "clinic packs" as a violation committed by the pharmacy, the decision does not hold that the sale of "clinic packs" is a sale of "misbranded drugs." The term "misbranded" was never used by the court and therefore "clinic packs" were not held to be "misbranded" as appellant contends. For the foregoing reasons, appellant's second assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.