THE STATE OF OHIO, APPELLEE, *v.* OVENS, APPELLANT.

[Cite as State v. Ovens (1974), 44 Ohio App. 2d 428.]

(No. 7804—Decided December 13, 1974.)

*Mr. James E. Moan,* for appellee.
*Mr. Paul Wingart,* for appellant.

WILEY, J. The defendant, appellant herein, was found guilty of violating R. C. 2903.07, Vehicular Homicide, a

misdemeanor of the first degree, and was sentenced. It is from this judgment of the trial court that this appeal was taken.

Certain procedural errors occurred in that the trial court failed to comply with Crim. R. 11(D) and (E); furthermore, upon the "no contest" plea being made, the court entered a plea of *nolo contendere*—apparently by checking a printed form upon which this plea appeared. Even though R. C. 2937.07 sets forth that the procedure to follow a "no contest" plea is an explanation of circumstances, the trial court did take sworn testimony of the arresting officer apparently by agreement of counsel. We find that the taking of sworn testimony actually goes beyond the requirements of "explanation of circumstances" and does not constitute error.

The defendant appeared with counsel at the oral hearing before this court, and both he and his counsel fully agreed that any error in the proceedings in the trial court was waived and that the defendant intended to present to the trial court the sole question whether or not the facts as stated by the arresting officer and as stipulated by counsel constituted a violation of R. C. 2903.07.

The undisputed facts are that the defendant was operating his automobile in a northerly direction through a stop sign erected at the intersection of a main thoroughfare and struck the automobile operated by the decedent, who was traveling on the main thoroughfare in an easterly direction. Furthermore, the defendant, upon becoming aware of the stop sign, applied his brakes and skidded for approximately 28 feet to the point of collision, which was at the extreme southern edge of the intersection, and thereafter proceeded an additional 15 feet in a general northerly direction with his automobile coming to rest in the northerly portion of the intersection. There was no direct evidence as to the speed at which the defendant was operating his motor vehicle. The evidence further indicated that the defendant had traveled the same route before and was familiar with the intersection, but that he had indicated to the arresting officer at the time of the accident that he had temporarily failed to immediately perceive the stop sign.

430

It further appears from the record that the accident took place on June 8, 1974, at approximately 3:10 p. m., with the asphalt pavement dry and visibility clear.

The sole assignment of error reads:

"The findings of the trial court as set forth in the transcript of proceedings are unsupported by the weight of evidence and are contrary to law."

R. C. 2903.07 states as follows:

"(A) No person, while operating or participating in the operation of a motor vehicle * * * shall negligently cause the death of another.

"(B) Whoever violates this section is guilty of vehicular homicide, a misdemeanor of the first degree. * * *"

The Legislative Service Commission Reference Manual For Continuing Legal Education, Criminal Code Publication No. 87-1973, page 03-35 states:

"This offense is substantively the same as aggravated vehicular homicide in all respects but one: the offense is based on negligence rather than recklessness. The former offense of second degree vehicular homicide was based on a violation of any traffic statute other than those dealing with drunk driving, reckless operation, and drag racing."

R. C. 2901.22(D), Culpable mental states, reads as follows:

"(D) A person acts negligently, when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist."

See Legislative Service Commission Comment, pages 01-45 and 01-46. The Ohio Legal Center Institute Commentary on this section at page 01-47 states:

"Section 2901.22(D) defines a higher degree of negligence than ordinary negligence, although the form of the definition is similar to that used for ordinary negligence in tort law. * * *"

In spelling out a definition for negligence the legisla-

ture indicated that something more was required than the failure to exercise due care as previously provided by law. We must determine under the new definition whether or not the defendant under the facts in this case had a "substantial lapse" from due care.

"Substantial," as defined in the American Heritage Dictionary of English Language (1969, 1970), is as follows:

"1. Of, pertaining to, or having substance; material. 2. Not imaginary; true; real. 5. Considerable in importance, value, degree, amount, or extent: won by a substantial margin."

"Lapse" is defined as follows: "1a. To fall away by degrees; decline; banish: my enthusiasm soon lapsed. b. To subside gradually; drift; lapse into dreaminess."

As a noun, it is defined as: "1. The act of lapsing, a gradual or imperceptible falling or sliding away. 3. A slipping into a lower state or degree; a decline: lapse into premature senility."

Ohio Jury Instructions (Prov. Crim. 1974) 52, Section 409.31 states:

"C. Substantial. You will observe that the lapse or failure to use due care must be substantial. The lapse must be a material departure from the standard of due care. * * *

"Comment. Further elaboration of the word 'substantial' may lead to error."

The word "substantial" is a relative and not an exact term. It has been said to be as elusive a word as the English language contains, and is of varied meaning. It is susceptible of different meanings according to the circumstances of its use, and in considering the word it must be examined in its relation to the context, and its meaning is to be gauged by all the circumstances surrounding the transaction with respect to which it has been used. 83 Corpus Juris Secundum 762, et seq., Substantial.

Furthermore, as used in R. C. 2307.382(A) (4, 5), "substantial" is a relative term and the meaning of the word "substantial" is to be gauged by all the circumstances surrounding the transaction with respect to which

it has been used. *Busch* v. *Service Plastics, Inc.*, 11 Ohio Misc. 131, 137, 138; 14 Ohio Jurisprudence 2d 108, 111, 112 (Supp.), Courts, Section 114. 1 Ohio Jurisprudence 2d 113, 114, 118 (Supp.), Administrative Law and Procedure, Sections 180, 190, indicates the word ''substantial'' as used in that portion of a statute relating to administrative appeal is used in its ordinary dictionary meaning and in a way that it can be understood by a lay commission. See, also, *Ohio Real Estate Commn.* v. *Cohen*, 90 Ohio Law Abs. 137. See also 15A Ohio Jurisprudence 2d 250-253, 255, Criminal Practice and Procedure, Section 222, 226.

Essentially, the determination of whether or not a lapse of due care is substantial is a question for the trier of facts. Under the facts of this case, we cannot say that the trial court, as the trier of facts, did not have substantial evidence to support his decision that the defendant acted negligently within the meaning of R. C. 2901.22 (D).

The defendant refers to the case of *Jones* v. *Harmon*, 122 Ohio St. 420, as indicating that the failure to stop at a ''stop'' sign was not a violation which constituted negligence per se. This case is not applicable, nor is the case of *Heidle* v. *Baldwin*, 118 Ohio St. 375. See G. C. 6310-31 and compare with G. C. 6307-42, the latter effective September 6, 1941. See also R. C. 4511.43 and 4511.65, *Kettering* v. *Greene*, 9 Ohio St 2d 26.

The sole assignment of error is found not well taken.

On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Sylvania Municipal Court is affirmed.

*Judgment affirmed.*

POTTER, P. J., and BROWN, J., concur.