The STATE of Ohio, Appellee,

v.

PERRY, Appellant.

[Cite as *State v. Perry* (1992), 80 Ohio App.3d 78.]

Court of Appeals of Ohio,
Lake County.

No. 91–L–097.

Decided May 18, 1992.

*Steven C. LaTourette,* Lake County Prosecuting Attorney, and *Ariana E. Tarighati,* Assistant Prosecuting Attorney, for appellee.

*Simina Vourlis,* for appellant.

FORD, Presiding Judge.

This is a criminal appeal in which appellant, James Clinton Perry, was charged and subsequently convicted by a jury for aggravated burglary, grand theft and escape in violation of R.C. 2911.11, 2913.02 and 2921.34, respectively.

At trial, appellant's codefendant, Robert Jarrells, testified against him. On February 18, 1991, Jarrells and appellant were stuck in a ditch in a van which belonged to Jarrells. A Gates Mills police officer observed the van and called a tow truck. The officer ran Jarrells' name through the computer and discovered several outstanding traffic warrants. Jarrells was placed under arrest. The police officer allowed appellant to get into the van and direct it out of the ditch with the assistance of the tow truck.

The officer testified that after he noticed paraphernalia on the dashboard of the van he decided to search the rest of the van. The officer discovered some speakers, VCRs, rifles and other items. The officer then arrested appellant and took him and Jarrells to the police station. At the station that evening, Jarrells made a statement which did not implicate appellant. On February 19, 1991, Jarrells prepared a written statement which did incriminate appellant. Later in the evening on February 19, 1991, appellant and Jarrells were tape-recorded while conversing in the jail cells.

At trial, appellant testified that on the morning of February 18, 1991, Jarrells gave him a ride to work and dropped him off at his job, in Westlake, around 8:00 a.m. Appellant further stated that at approximately 9:10 a.m. he left work with a coworker, Brian Zavasnik, and they drove to Akron to sell perfume and returned to Westlake at 4:00 p.m. Appellant also testified that

Jarrells picked him up at work at 4:00 p.m. and the two drove to Gates Mills, where the van became stuck in a ditch.

Appellant's coworkers, Zavasnik and Tracy Lester, both testified that appellant was at work at 8:00 a.m. Zavasnik also stated that he and appellant drove to Akron at 9:30 a.m. and returned to the job site at 4:00 p.m.

The homeowner whose house was burglarized on February 18, 1991 testified that his house was burglarized between 11:20 a.m. and 4:20 p.m. The jury found appellant guilty and appellant now appeals raising the following assignments of error:

"1. The trial court erred in permitting the prosecutor to introduce in his opening statement evidence of another pending indictment in another county, thereby severely prejudicing the defendant-appellant and denying him due process and a fair trial.

"2. Even if this Court finds that the prosecutor's introduction of evidence of a pending indictment in another county was permissible pursuant to R.C. 2945.59 and Evid. R. 404(B), the defendant-appellant must nevertheless receive a new trial where the trial court fails to give the jury the proper limiting instruction.

"3. The defendant-appellant was denied his constitutional right to a fair trial as a result of the prosecution's failure to disclose possible exculpatory evidence.

"4. The trial court erred in denying the defendant-appellant's motion to suppress the tape of a conversation between the defendant-appellant and the co-defendant recorded by the Gates Mills Police Department on the evening of February 19, 1991.

"5. The defendant-appellant is denied due process of law where the jury's verdict is not sustained by the manifest weight of the evidence, in that the defendant-appellant's assertion of an alibi raises a reasonable doubt as to his guilt."

In the first assignment, appellant argues that the prosecutor, in his opening statement, referred to "other acts" evidence. Appellant maintains that his attorney objected and was erroneously overruled by the trial court. Appellant asserts that the prosecutor remarked that codefendant Jarrells would testify that:

"Mr. Graham: after they left the house in the City of Kirtland, they went to Geauga County, out to Chesterland * * *

"Ms. Vourlis: Objection.

"The Court: Overruled.

"Mr. Graham: * * * and the same scenario out there happened. What you'll hear from Frank Jarrells is that the same thing happened. They knocked on a door in Chesterland. Nobody was home. They broke into the home and took many items."

Appellant contends that the prosecutor was essentially admitting evidence of other acts which tended to show that appellant was prone to committing the acts charged in the case for which he was on trial, and this is prohibited under *State v. Hector* (1989), 19 Ohio St.2d 167, 48 O.O.2d 199, 249 N.E.2d 912.

In *State v. Davis* (1991), 62 Ohio St.3d 326, 581 N.E.2d 1362, the court, addressing a substantially similar argument held that:

"With respect to the opening statement of the prosecutor, we have previously held that such remarks are not testimonial evidence and may not be considered as such. *Maggio v. Cleveland* (1949), 151 Ohio St. 136, 38 O.O. 578, 84 N.E.2d 912. In accordance with 4 Ohio Jury Instructions (1988) 43, Section 405.10(1), the trial court appropriately instructed the jury that opening and closing statements do not constitute evidence. Counsel for appellant objected neither to the statement nor to the jury instructions relative thereto. Accordingly, any error resulting therefrom is waived unless it constitutes plain error. See *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804. Inasmuch as the statements of the prosecutor conformed to the evidence subsequently adduced, plain error would result, if at all, only if it may be determined that such evidence was improperly admitted. See, generally, *Maggio, supra.*" *Id.*, 62 Ohio St.3d at 337, 581 N.E.2d at 1373.

The record reveals that on two separate occasions the trial court instructed the jury that the opening and closing statements of counsel were not evidence to be considered by the jury. Although appellant objected to the prosecutor's remark, he did not object to the instructions given by the court, and, therefore, waived any such error. *Davis, supra.*

■ Inasmuch as the statements of the prosecutor conformed to the evidence subsequently adduced, plain error would result, if at all, only if it can be determined that the evidence was improperly admitted. *Davis, supra.* The admission of other criminal acts evidence is governed by Evid.R. 404(B), which provides:

"Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

The other acts evidence alluded to in the opening statement was briefly referred to at trial by codefendant Jarrells. Both the prosecutor and appellant's attorney asked Jarrells what he and appellant did on the day in question. The prosecutor asked Jarrells how he and appellant had broken into the house for which appellant was on trial. Appellant's attorney also asked Jarrells to indicate the time that they burglarized the first house and the time that they broke into the second house.

In essence, in response to both the prosecutor's and the defense counsel's questions, Jarrells' testimony revealed that he and appellant went driving in Jarrells' van on the morning in question and appellant was selling perfume for a company. Jarrells stated that they went to a house on Mulberry Lane Road and appellant knocked on the door to sell perfume, but no one was home. Then, Jarrells stated, appellant went around to the back door and the next thing he knew appellant had broken into the house through the basement window and the two began to burglarize the house. The two left that house and went to another house and broke into it through the front door, burglarized it and then left and continued to try to sell perfume. Jarrells stated that after the second house, he wanted to go home, but appellant told him that he would not break into any more houses and that he was just going to sell perfume. At no time did appellant's counsel object to Jarrells's testimony regarding the break-in of the house for which appellant was not on trial. Accordingly, appellant waived any possible error. *Davis, supra,* 62 Ohio St.3d at 337, 581 N.E.2d at 1373.

Notwithstanding the foregoing, the threshold criterion is whether the other acts evidence can show by substantial proof any of those things enumerated in Evid.R. 404(B). *Davis, supra,* at 338, 581 N.E.2d at 1373. The testimony was admissible as evidence of acts tending to show the plan or scheme of appellant. The evidence tended to show that as a part of the plan or scheme appellant would approach a house, knock on the door under the pretense of selling perfume, and if no one answered he would break into the house, burglarize it and then move on to the next house. Therefore, the reference to the other acts evidence in the opening statement and the evidence subsequently adduced at trial was properly admitted under Evid.R. 404(B). Thus, the assignment lacks merit.

In the second assignment, appellant argues that no limiting instruction was given with respect to the prosecutor's reference in the opening statement to Jarrells' prospective testimony. The prosecutor's statement was an outline of Jarrells' testimony and was not evidence as such. Therefore, it was not necessary for the trial court to give such instructions at that stage of the proceedings. Moreover, the statement conformed to the evidence which was

subsequently adduced and which was properly admitted pursuant to Evid.R. 404(B). *Davis, supra.*

However, under the authority of *Baxter v. State* (1914), 91 Ohio St. 167, 110 N.E. 456, and its progeny it would have been more appropriate for the trial court to have *sua sponte* interposed limiting instructions on the other acts evidence at the time when the evidence or testimony was submitted on that subject during the trial. Nevertheless, we are constrained to follow the recent view set forth in *Davis, supra,* which addressed this same issue. In *Davis,* the Ohio Supreme Court held meritless the appellant's argument that the trial court erred in failing to provide a limiting instruction to the jury regarding the 'other acts' evidence. The court stated that:

"Crim.R. 30(A) provides in relevant part:

" 'A party may not assign as error the giving or failure to give any instructions unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.'

"Having failed to request a limiting instruction, appellant has waived this issue for purposes of appeal." *Davis,* 62 Ohio St.3d at 339, 581 N.E.2d at 1374.

Likewise, in the case *sub judice,* appellant failed to request limiting instructions in the trial court, and, thus, has waived this issue for purposes of appeal. *Id.* The assignment is without merit.

In the third assignment, appellant asserts that he was denied a fair trial as a result of the prosecutor's failure to disclose possible exculpatory evidence. The testimony at trial was inconsistent, as codefendant Jarrells stated that he made two written statements to the police. Jarrells stated that in the first statement he told the police that "I had bought the stuff from some guy, and that I had picked Jim up after I had bought it, and Jim didn't know nothing about it, that Jim was selling perfume." Jarrells also stated that in a second written statement, which he gave on the next day, he implicated appellant.

On the other hand, Detective Moses testified that on February 18, Jarrells gave him an oral statement in which Jarrells stated that he had purchased some of the items from a black male on 93rd Street in Cleveland. Moses also testified that Jarrells gave him a written statement on February 19 in which Jarrells said that he had lied the previous day and that he and his cousin (appellant) had robbed two houses on the 18th.

Essentially, appellant maintains that the statement, written or oral, was discoverable under Crim.R. 16(B)(1)(f). Crim.R. 16(B)(1)(f) provides that the

prosecuting attorney must disclose to the defendant any favorable evidence which is material to guilt or punishment. In *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, the Supreme Court held that prosecutorial suppression of favorable evidence violates the accused's due process rights, regardless of good faith. In interpreting Crim.R. 16(B)(1)(f), the Ohio Supreme Court has stated that the rule provides a broad avenue for discovery. "It requires the disclosure of all evidence known by the prosecuting attorney which is favorable to the accused * * *." *State v. Peterson* (1976), 46 Ohio St.2d 425, 434, 75 O.O.2d 488, 493, 349 N.E.2d 308, 313.

The state does not provide any reasoning as to why the oral statement made to Detective Moses was not provided to appellant's counsel.

██ Since the oral or written statement was a part of the police reports and records, it is considered a part of the state's records. Any discoverable material in the police's possession is considered to be in the possession of the state and must therefore be given to the defendant. See *State v. Tomblin* (1981), 3 Ohio App.3d 17, 3 OBR 18, 443 N.E.2d 529. Such evidence is considered under the control of the state. *State v. Sandlin* (1983), 11 Ohio App.3d 84, 89, 11 OBR 136, 141, 463 N.E.2d 85, 90. However, the mere failure of the state to disclose all favorable information does not constitute grounds for reversal, as the favorable evidence must also be material.

██ In addressing this issue, the United States Supreme Court has held that the if there was error in the failure to disclose material evidence, there must also be a "reasonable probability that, had the evidence been disclosed to the defense, the results of the proceedings would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley* (1985), 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481, 494. In addition, the *Bagley* court also stated that the violation of the duty to disclose is not grounds for reversal, unless the defendant is denied a fair trial. *Bagley*, at 675, 105 S.Ct. at 3379, 87 L.Ed.2d at 489, quoting *States v. Agurs* (1976), 427 U.S. 97, 108, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342, 352.

Upon reviewing the transcript, it does appear that there were two statements made by Jarrells; however, it seems that there was only one written and one oral statement made by Jarrells to Detective Moses. It is not clear from the record itself when appellant's attorney became aware of the oral statement made by Jarrells. However, the record demonstrates that appellant's attorney had the opportunity to cross-examine Jarrells regarding the two statements. Appellant's counsel also examined Detective Moses about the two conflicting stories made by Jarrells. Moreover, the prosecutor

examined Jarrells as to the nature and content of the two inconsistent versions which he gave to the police.

Assuming appellant's counsel had no prior knowledge of the oral statement, the relevant question is whether the results of the trial would have been different. Here, the appellant and the prosecutor both brought out to the jury the information that Jarrells had given inconsistent statements regarding the events which occurred on the 18th. Further, appellant had an opportunity to cross-examine Jarrells and the detective on this matter. In addition, codefendant Jarrells' credibility or lack thereof was disclosed to the jury, and the jury had the opportunity to weigh Jarrells' credibility in light of the inconsistent statements. Therefore, appellant was not denied a fair trial with regard to the oral statement which may not have been disclosed.

Moreover, the record does not demonstrate that appellant objected upon hearing testimony that another statement existed, nor did counsel request a continuance to further prepare for cross-examination on this subject. Therefore, the trial court was not given the opportunity to cure any possible errors. See *Snyder v. Stanford* (1968), 15 Ohio St.2d 31, 44 O.O.2d 18, 238 N.E.2d 563; *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364. Accordingly, the assignment lacks merit.

■ In the fourth assignment appellant argues that he was prejudiced by the trial court's admission of newly discovered evidence because he did not have adequate time to review the evidence and consider its effect on appellant's case.

The record shows that two days before trial appellant received a copy of a tape of appellant and codefendant Jarrells. The tape consisted of numerous recorded conversations of the two while they were in jail. With regard to the taped conversations of appellant and Jarrells, the state contends that it was not aware that the police department had a tape until two days before the trial, at which time the prosecutor immediately gave appellant's attorney a copy of the tape.

As stated in the third assignment, the foregoing argument cannot be used as an excuse for not supplying exculpatory material under Crim.R. 16(B)(1)(f). The police are considered a part of the state; thus, any discoverable material in the police's possession must be considered to be in the state's possession and must therefore be given to the defendant. *Tomblin, supra.* Moreover, utilizing the same analysis in the third assignment, if there was error in the failure to provide the tape in a more timely manner, under *Brady, supra,* and Crim.R. 16(B)(1)(f), the timely knowledge of such favorable evidence must also lead to the reasonable probability of a different outcome to the trial. *Bagley, supra.*

Appellant argues that had the tape been given in a more timely fashion it would have benefitted appellant in his defense because he then would have been able to make a more educated decision as to whether or not to testify at trial. As noted, appellant was given the tape two days before trial. However, at no time did appellant move the court for a continuance in order to review the tape and reassess trial strategy. Moreover, at the suppression hearing regarding the admission of the tape, appellant objected to the admission of the tape on the ground that it was illegally obtained. Appellant did not assert that there was insufficient time to review the tape and rethink the defense. See *Snyder, supra,* and *Williams, supra.* The assignment is without merit.

In the fifth assignment, appellant contends that the jury's verdict was against the manifest weight of the evidence.

Essentially, appellant argues that the credibility of codefendant Jarrells' testimony was diminished by the fact that Jarrells' testimony demonstrated that he gave the police two different versions of the facts which occurred on February 18, 1991. The first story did not implicate appellant in the break-in, while the second version did.

Further, appellant maintains that Jarrells' testimony was weakened by the contradictory testimony of Brian Zavasnik and Tracy Lester, who both placed appellant at another place when the burglary occurred. In addition, appellant asserts that appellee had no physical evidence which placed him at the scene of the crime.

"On the trial of a case, either civil or criminal, the weight to be given *the evidence and the credibility of the witnesses* are primarily for the trier of the facts." (Emphasis added.) *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

When reviewing a claim that the judgment is against the manifest weight of the evidence, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652; *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523.

After reviewing the record, there is no basis for concluding that the jury lost its way. Further, the record contains substantial evidence upon which a jury could reasonably conclude that appellant was guilty beyond a reasonable doubt. Accordingly, the assignment is without merit.

Based on the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

88

Cox and HENDRICKSON, JJ., concur.

EDWARD A. Cox, J., of the Seventh Appellate District, sitting by assignment.

WILLIAM R. HENDRICKSON, J., retired, of the Twelfth Appellate District, sitting by assignment.