OPINION
Samuel Jones was indicted for Vehicular Homicide, a first degree misdemeanor, in violation of R.C. 2903.07(A). The indictment was tried to the court, sitting without a jury, which made a finding of guilty. The court imposed a six month jail sentence, a five year license suspension, a $100.00 fine and court costs, and ordered restitution. On appeal Jones asserts a single assignment of error:
 THE TRIAL COURT ERRED IN CONVICTING THE DEFENDANT BECAUSE THE EVIDENCE FAILED TO ESTABLISH BEYOND A REASONABLE DOUBT THAT DEFENDANT'S CONDUCT (DRIVING LEFT OF CENTER) CONSTITUTED A SUBSTANTIAL LAPSE OF DUE CARE, AN ESSENTIAL ELEMENT OF THE OFFENSE OF VEHICULAR HOMICIDE, R.C. SECTION 2903.07(A).
R.C. 2903.07(A) — now R.C. 2903.06(A)(3) — provides that no person, while operating a motor vehicle, shall negligently cause the death of another. Negligence for purposes of criminal culpability requires a substantial lapse from due care. R.C. 2901.22(D). It was stated in State v. Ovens (1974), 44 Ohio App.2d 428 at 432 that "(e)ssentially, the determination of whether or not a lapse of due care is substantial is a question for the trier of facts." It was also observed in Ovens that "(t)he word `substantial' is a relative and not an exact term. It has been said to be as elusive a word as the English language contains and is of varied meaning. It is susceptible of different meanings according to the circumstances of its use, and in considering the word it must be examined in its relation to the context, and its meaning is to be gauged by all of the circumstances surrounding the transaction with respect to which it has been used." Id. at 431. We are reminded in In re Vermaaten (1996), 116 Ohio App.3d 639 at 642 that while the question of whether conduct constitutes a substantial lapse of due care is essentially a question of fact for the trial court, the trial court's factual determination is not "untouchable" on appeal.
With these principals in mind, we turn to the particular facts of this case. The accident giving rise to the indictment in this case occurred on January 14, 2000 at approximately 6:00 p.m. on Piqua-Troy Road in Miami County. The weather conditions were dry and cold, there were no obstructions to visibility, and the impact occurred on a straight stretch of road. Jones was driving a `99 Jeep Wrangler northbound and Rebecca Kiser, the decedent, was driving an `87 Chevrolet Celebrity southbound. The impact occurred five to six feet from the center line in the southbound lane. Prior to impact there had been no braking by either car. The posted speed limit was 55 m.p.h.
The above facts are undisputed. The only dispute was as to the speed of the car. The sheriff's deputy who investigated the accident put Jones' pre-impact speed at 84 m.p.h. Jones' expert put his pre-impact speed at 56 m.p.h. The trial court expressed reasonable doubt as to the speed attributed to Jones by the investigating officer but determined that Jones' crossing the center line by five to six feet was sufficient to constitute a substantial lapse from due care.
Jones essentially argues on appeal that the fact that he was left of center, without more, is insufficient evidence of a substantial lapse from due care.
While we agree with Jones that merely crossing the center line may not be enough to constitute a substantial lapse from due care, the fact that Jones was five to six feet across the center line meant that practically all, if not all, of his vehicle was across the center line. Bearing in mind that whether there has been a substantial lapse from due care is primarily within the province of the trial court to determine, we find no basis in the circumstances of this case to second guess the trial court.
Accordingly, the assignment of error is overruled and the judgment will be affirmed.
BROGAN, J., and GLASSER, J., concur.
(Honorable George M. Glasser, Retired from the Sixth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).