OPINION
This is an appeal from the judgment and sentence of the Marion Municipal Court wherein a jury found Defendant-appellant Mark Qualls (Qualls) guilty of vehicular homicide.
At approximately 4:20 p.m. on January 10, 2000, Qualls was operating a semi-tractor trailer at the posted speed limit on State Route 203 in Marion, Ohio and was heading north toward the intersection of Routes 203 and 739. The intersection requires a two way stop which is marked by stop signs on Route 203. At about the same time, Deborah Whited (Whited) was traveling west on route 739 also heading toward the same intersection. At the same time that Qualls went through the intersection, Whited attempted to cross Route 203. Her car struck the side of the truck and subsequently slid under the trailer. Whited died instantaneously.
On April 12, 2000, Qualls was charged with Vehicular Homicide under R.C. 2903.07(A), a misdemeanor of the first degree. Qualls entered a plea of not guilty, and the matter proceeded to trial on January 17 and 18, 2001. Several police officers, three eyewitnesses, a crash reconstructionist and Qualls testified at trial. All of the eyewitnesses testified that the weather was clear on the day of the accident. Further, the evidence established that there was a "Stop Ahead" sign 790 feet preceding the intersection on Route 203. At trial, Qualls admitted that he might have seen this sign, however, if he did, "it didn't register" because he was concentrating on maneuvering through a curve. The evidence also reflected that Qualls saw a sign that warns of the upcoming intersection with 739 and a directional sign, which identified the cities located to the west and the east on Route 739. However, Qualls testified at trial that he did not begin to slow down at that point and testified that he saw the stop sign and the intersection when he was approximately 200 feet away from the intersection. A police officer testified that the stop sign was visible from 1,363 feet and that only a small tree branch was located in front of the sign.
Qualls further testified that after he saw the stop sign, he made a conscious decision to continue through the intersection without attempting to slow his vehicle because he felt he could not stop the truck in time and that his truck would jack-knife if he tried. Moreover, three eyewitnesses testified that Qualls did not slow down before entering the intersection.
The jury found Qualls guilty of Vehicular Homicide and he was sentenced in a judgment entry dated January 23, 2001, to 180 days in jail with 60 days suspended, fined $1,000 with $500 suspended, and had his driver's license suspended for two years. Qualls filed a motion to stay the execution of the sentence, which was granted by the trial court. Qualls now appeals the January 23, 2001 entry. He asserts two assignments of error.
The first assignment of error asserts:
 The State failed to establish, beyond a reasonable doubt, the essential elements necessary to sustain a conviction for vehicular homicide.
Qualls' assignment of error asserts that the state failed to prove the elements of vehicular homicide beyond a reasonable doubt and includes a contention that the verdict was against the sufficiency and manifest weight of the evidence. As these legal concepts are both quantitatively and qualitatively different, they will be addressed separately. Statev. Thompkins (1997), 78 Ohio St.3d 380, 386.
In looking at the sufficiency of the evidence,
 [t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt
State v. Smith (1997), 80 Ohio St.3d 89, 113 quotingState v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus. Furthermore, sufficiency is a test of adequacy and whether the evidence is legally sufficient is a question of law.Thompkins, 78 Ohio St.3d at 386.
In order to convict a defendant of Vehicular Homicide, the State must in relevant part, prove that the defendant negligently caused the death of another with a motor vehicle. R.C. 2903.07.
 A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist.
R.C. 2901.22.
This court has defined "substantial lapse" from due care in a 2903.07 case.
 The word "substantial" is a relative and not an exact term. * * * [I]ts meaning is to be gauged by all circumstances surrounding the transaction with respect to which it has been used.
In re Underwood (1989), 64 Ohio App.3d 326, quoting State v. Ovens
(1974), 44 Ohio App.2d 428, 431; see also State v. Wooten (Sept. 29, 1994), Crawford App. No. 3-94-7, unreported (finding that evidence presented that car crossed the center line amounted to a "substantial lapse of due care"). Additionally, "the determination of whether or not a lapse of due care is substantial is a question for the triers of facts."Ovens, 44 Ohio App.2d at 432.
In this case, testimony was adduced at trial that it was a clear day and that there were four signs identifying an intersection including a "Stop Ahead" sign located 790 feet preceding the intersection, a sign warning of the intersection with Route 739, a directional sign indicating where a right or left turn would take a driver, and a stop sign at the intersection which was visible from 1,363 feet. Qualls himself testified that he might have seen the stop ahead sign, he saw the Route 739 intersection sign, he saw the directional sign and that he noticed the stop sign approximately 200 feet away from the intersection itself. Furthermore, Qualls testified that he made a conscious decision to continue through the intersection without trying to stop and that if placed in a similar situation he would take the same action.
The testimony established Qualls' failure to take notice of the stop ahead sign and his failure to proceed with caution after observing three additional signs that indicate an impending intersection is sufficient to demonstrate a "lapse of substantial due care" that caused him to fail to avoid the risk of colliding with another vehicle in the intersection. Accordingly, we conclude that a rational trier of fact could have found these essential elements proven beyond a reasonable doubt. See alsoState v. Self (1996), 112 Ohio App.3d 688 (finding that a rational trier of fact could have found that the essential elements of R.C. 2903.07 were met when a defendant ran a stop sign causing an accident in an intersection which was clearly marked by several directional road signs); In re Angela H. (June 23, 1995) Sandusky App. No. S-94-016, unreported (finding that evidence presented that the juvenile ran a stop sign shows a substantial lack of due care and would violate 2907.03 if committed by an adult).
When evaluating the weight of the evidence, the appellate court acts as a "thirteenth juror" rejecting the jury's resolution of the conflicting testimony and reversing only "where the evidence weighs heavily against conviction." Thompkins, 78 Ohio St.3d at 387-389; see also State v.Mendoza (March 31, 2000), Hancock App. No. 5-99-46, unreported at *7. In sum, "`The [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way * * *." Thompkins,78 Ohio St.3d at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
In this case, while Qualls testified that he did not see the "Stop Ahead" sign because he was maneuvering a turn and that attempting to stop his tractor-trailer in only 200 feet would cause his truck to jack-knife, the testimony described above regarding Qualls' failure to heed several traffic signs and his conscious decision to maintain his current speed through the intersection constituted legitimate factors in determining the issues before the trier of fact. As a result, we cannot say that the evidence weighed heavily against conviction or that the factfinder "clearly lost its way" in reaching its decision. As we find that the jury verdict was sufficient and not against the manifest weight of the evidence, Appellant's first assignment of error is overruled.
Qualls' second assignment of error asserts.
 The trial court erred in permitting the admission into evidence the opinions of lay witnesses in contravention of Rule 701 of the Ohio Rules of evidence
Evidence Rule 701 provides that a lay witness' testimony is limited to expressing "those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue." Accordingly, when a lay witness' opinion
 is based upon personal observation of a subject upon which any ordinarily intelligent person may have expert knowledge and experience, qualification is not necessarily a prerequisite to stating the results of that observation and giving an opinion thereon.
State v. Averbach (1923), 108 Ohio St. 96, 98 (finding that lay witness could give opinion as to the speed of a moving vehicle). Further, whether the witness may express an opinion is within the sound discretion of the trial court and as the opinion is always subject to cross-examination, the verdict should not be disturbed upon this ground unless there is an abuse of discretion. Id. at 98-99. Moreover,
 the admission of opinion evidence does not give rise to grounds for reversal where the opinion testimony was not prejudicial to the defendant or where the opinion testimony did not bias the jury against the defendant.
State v. Cooper (Oct. 2, 1985), Logan App. No. 8-84-31, unreported at *6.
In this case, Qualls lists several portions of the trial transcript in which he asserts the erroneous admission of lay opinion testimony by the trial court. Three eyewitnesses gave testimony recorded at pages 18-20, 33-35 and 48-49 of Volume I of the transcript in which they recited what they saw the day of the accident. A police officer also testified at pages 10, 12, and 19 of Volume II as a lay witness as someone who lives near the intersection and crosses the intersection frequently. As such, the testimony of these four witnesses meets both elements required by Evidence Rule 701. Therefore, Qualls' argument addresses the weight assigned to this evidence by the jury rather than the admissibility of this testimony. See Auerbach, 108 Ohio St. at 99, quoting Detroit Milwaukee R. Co. v. Van Steinberg, 17 Mich. 99, 104; Cooper, Logan App. No. 8-84-31, unreported at *7 (finding that the qualifications of the witness to accurately identify a plant relates to the weight the jury may give to the testimony and not to its competency).
Qualls further objected to the admissibility of the testimony recorded at pages 83-84 in Volume I, which came from a police officer that arrived at the scene just after the accident regarding whether the addition of a white, painted, stop bar on the pavement at the intersection would have slowed Mr. Quall's down. While this may not have been proper questioning on direct examination by the State, the record reveals that Qualls' attorney opened the door to this line of questioning on cross-examination.
Qualls also objected to the admissibility of the testimony recorded at pages 113 and 142 in Volume I of the transcript. However, these questions were raised by Qualls' own attorney and therefore Qualls cannot now object. Finally, Qualls objects to the introduction of testimony adduced on pages 32-38 of Volume II of the transcript, however, the court sustained his objection at trial.
In sum, we cannot find that the trial court has abused its discretion or that the jury has been prejudiced in any way in allowing the testimony of these lay witnesses. Therefore the Appellant's second assignment of error is also overruled.
Based on the foregoing, the judgment of the Marion County Municipal Court is affirmed.
WALTERS, P.J., and HADLEY, J., concur.