These appeals, having been consolidated for purposes of filing a single transcript, brief and oral argument, will be addressed together in this decision. The Appellants, Larry and Scott Schoffner were each convicted of two fifth degree felony Theft offenses on a jury verdict in the Shelby County Court of Common Pleas.
In late November of 1997, David and Jewel Scholl purchased two John Deere lawn mowers from Scott Schoffner. David Scholl, after reading about a theft at Riverside Equipment, Inc., a storage facility located on State Route 47 in Sidney, Ohio, notified law enforcement officials that he was concerned he had purchased stolen lawn mowers. Investigators determined that the mowers the Scholls had purchased from Scott Schoffner were those taken from Riverside Equipment. Investigators also interviewed Jason Scholl, David and Jewel Scholl's son. Jason Scholl told investigators that during the late evening hours of November 18, 1997 and early morning hours of November 19, 1997, he observed Larry and Scott Schoffner steal the two John Deere lawn mowers as well as several two-way radios from the storage facility.
On December 19, 1997, Larry and Scott Schoffner were separately indicted on four counts each of Theft in violation of R.C. § 2913.02, all fifth degree felonies. The Schoffners filed requests for discovery in their separate cases on January 9, 1998. On March 9, 1998, the State filed its first witness list indicating that Jason Scholl was a prospective witness. The State also made available to the Schoffners several written and recorded statements made by Jason Scholl during the investigation. Jason Scholl, who had been separately indicted on December 19, 1997 for committing the same four theft offenses as each Appellant, plead guilty to one of the four counts of theft as part of a plea bargain with the State.
On August 12, 1998, Larry and Scott Schoffner were tried together to a jury. At trial, the Schoffners' moved to strike the testimony of Jason Scholl because they claimed the State violated the rules of criminal procedure when it failed to reduce to writing and disclose the details of a discussion Scholl had with the prosecutor prior to trial. The trial court denied the Schoffners' motion to strike. Both Larry and Scott Schoffner were each convicted of two counts of theft. The Schoffners have both appealed their convictions, each presents the same assignment of error.
 I.
The Schoffners' assignment of error states:
 The trial court erred to the substantial prejudice of the appellants by denying their request to strike the testimony of the key prosecution witness (Jason Scholl) resulting from the prosecution's violation of discovery provisions.
Criminal Rule 16(B)(1)(a) requires the prosecuting attorney to disclose the "Statement[s] of defendant or co-defendant" which "are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney." Included among those statements discoverable under the rule are:
 (i) Relevant written or recorded statements made by the defendant or co-defendant, or copies thereof;
 (ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer.
Crim. R. 16(B)(1)(a)(i-ii). When a party fails to comply with the criminal rules of discovery, the trial court "may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." Crim. R. 16(E)(3) (emphasis added).
The Schoffners claim that Jason Scholl was a co-defendant with whom the prosecutor spoke prior to trial. Accordingly, the Schoffners contend that any statements made by Scholl to the prosecutor prior to trial should have been disclosed to them pursuant to their request for discovery. The Appellants claim that the State failed to disclose that Scholl had changed his previous statement to investigators regarding the Riverside Equipment thefts to inculpate himself where he previously had not. The Appellants concede that in both versions, Scholl implicates them in the thefts. Even if we assume that Jason Scholl was Appellants' co-defendant and that the prosecutor had an obligation to reduce to writing and disclose the details of a conversation he had with Scholl prior to trial,[1] the Appellants have failed to demonstrate prejudicial error here.
At trial, the Appellants moved to strike the testimony of Scholl after eliciting from him that he had spoken to the prosecutor in May of 1998. Appellants' counsel represented to the trial court that the prosecutor had not disclosed to Appellants any statements Scholl made to the prosecutor during that May 1998 discussion. The prosecutor recalled that he had spoken to Scholl in May of 1998 but maintained that any discussion he had with Scholl was part of his trial preparation and not subject to disclosure because it was his work product. The trial judge then asked the prosecutor to produce any notes taken during that discussion and present them to the court for an in camera review.
The only notes produced by the prosecutor, though concerning the Schoffners, related to a different criminal matter for which Scholl had information. The prosecutor advised the trial judge that he had no notes from his discussion with Scholl relating to the Riverside Equipment thefts. The Appellants nevertheless argued that the prosecutor had a duty to reduce the details of his conversation with Scholl to writing and disclose it them.
While the prosecutor did not reduce to writing his conversation with Scholl in May of 1998, Scholl did apparently reduce to writing his recollection of the statements he made to the prosecutor. The prosecutor advised the trial court that his discussion with Scholl in May of 1998 concerning the Riverside Equipment thefts was substantially the same as described in a letter Scholl sent to him from prison only a few days after their discussion. The prosecutor stated he received this letter on May 21, 1998 and promptly disclosed it to the Appellants. Counsel for the Appellants admitted at trial that the prosecutor sent him a written statement on May 21, 1998 that he "assumed . . . was from Jason Scholl." (Transcript p. 276). This letter, marked by the Appellants' counsel as an exhibit, was used to cross-examine Scholl at trial. (Transcript p. 319).
The trial court reviewed this letter and determined that the Appellant had notice that Scholl had revised his statement to implicate himself also in the Riverside Equipment thefts. The court also noted that the Appellants could pursue this variation, including any others in Scholl's letter, when cross-examining Scholl. Scholl admitted on cross-examination that he wrote the May 21, 1998 letter. Accordingly, based on this record, the Appellants had an opportunity to review that portion of Scholl's revised statement they claim the prosecutor failed to disclose to them. We do not see, therefore, how the Appellants could gain anything further from the prosecutor's recounting of information that had already been disclosed to them.
Finally, even if the prosecutor had a duty to disclose details of the conversation he had with Scholl, the proper remedy for a discovery violation is clearly within the sound discretion of the trial court. Crim. R. 16(E)(3); State v.Scudder (1994), 71 Ohio St.3d 263, 268, 643 N.E.2d 524, 529, cert. denied, (1995), 515 U.S. 1164, 115 S.Ct. 2623,132 L.Ed.2d 864. In State v. Parson (1983), 6 Ohio St.3d 442,453 N.E.2d 689, the Ohio Supreme Court held in its syllabus that:
 Where, in a criminal trial, the prosecution fails to comply with Crim.R. 16(B)(1)(a)(ii) by informing the accused of an oral statement made by a co-defendant to a law enforcement officer, and the record does not demonstrate (1) that the prosecution's failure to disclose was a willful violation of Crim.R. 16, (2) that foreknowledge of the statement would have benefited the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the statement, the trial court does not abuse its discretion under Crim.R. 16(E)(3) by permitting such evidence to be admitted.
Here, even if we were to assume that Scholl was a co-defendant and the prosecutor had a duty to reduce to writing any statements Scholl made to him, the Parson test is not met. First, the prosecutor's failure to reduce to writing and disclose the statements Scholl made during their conversation was not willful. Id. The record supports the trial court's determination that the prosecutor had a good faith belief that his May 1998 conversation with Scholl was not subject to pre-trial disclosure to the Appellants. Second, because the prosecutor provided the Appellants with Scholl's May 21, 1998 letter, the record indicates clearly that the Appellants had foreknowledge of Scholl's changed statement. Id. Finally, because the Appellants had over three months to prepare to cross-examine Scholl on his revised statement, there is no prejudice here. Id. Further, unlike in Parson, the "undisclosed" statement here was merely a variation to statements previously disclosed to the Appellants. Because the Appellants had a full opportunity to cross-examine Scholl on this statement and others, we see no prejudice here. See, Statev. Perry (1992), 80 Ohio App.3d 78, 608 N.E.2d 846 (no prejudicial error where defendant had full opportunity to cross-examine a testifying co-defendant on a previously undisclosed, inconsistent statement).
The trial court was well within its discretion when it refused to strike the entire testimony of Scholl. The Appellants' assignment of error is overruled.
Judgments affirmed.
HADLEY and SHAW, JJ., concur.
[1] Cf., State v. Nabozny (1978), 54 Ohio St.2d 195,375 N.E.2d 784 (where the State witness, who had been involved in the same criminal conduct as Nabonzy, was not considered a co-defendant for purposes of Crim. R. 16 because he was granted immunity from prosecution) vacated on other grounds, (1978)439 U.S. 811, 58 L.Ed2d 103, 99 S.C. 70; See also, State v. Wickline
(1990), 50 Ohio St.3d 114, 118, 552 N.E.2d 913, 918.